**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0335n.06
Filed: June 13, 2008

**No. 07-1744**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| SHARON LYNN PIERS, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| MARK VANDENBERG, | ) | WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before: KEITH, DAUGHTREY, and ROGERS, Circuit Judges.

**PER CURIAM.** Plaintiff Sharon Lynn Piers filed suit pursuant to the provisions of

42 U.S.C. § 1983 and Michigan Compiled Law Annotated § 600.2907 against both her ex-

husband, Rickey Lynn Higgs, and Deputy Mark VandenBerg of the Ottawa County

(Michigan) Sheriff's Department. In her complaint, Piers alleged that the two defendants

improperly conspired to have her arrested for a traffic violation and that Higgs "either

planted or arranged to have planted, an open wine bottle and bag of cocaine in Plaintiff's

vehicle which were discovered [w]hen she was stopped by Defendant VandenBerg." She

alleged that the defendants' motive was to provide her with a criminal record in order to

influence the upcoming child-custody hearing that was part of her divorce action against Higgs.

In response, defendant VandenBerg claimed that he had only a very recent acquaintanceship with Higgs, who led him to believe that Piers was destroying their otherwise happy marriage by abusing drugs and alcohol and that she needed a "wake-up call," which the traffic stop and search of her vehicle were meant to accomplish. The stop was based on Higgs's tip to VandenBerg that his wife would be traveling a certain route and would have cocaine in her possession at the time. The drug-possession charges resulting from her arrest by VandenBerg were eventually dismissed, following a full investigation initiated by VandenBerg, who said that he had come to doubt Higgs's story after talking to a fully cooperative and disbelieving Piers. He denied that he and Higgs had entered into a conspiracy against Piers.

In the face of the plaintiff's allegations of an unreasonable arrest and malicious prosecution, VandenBerg moved for summary judgment based on qualified immunity from suit. The district court denied the motion, concluding that the record contained disputed facts that were material to the question of whether there existed an overarching conspiracy between the defendants and against the plaintiff – one that could be resolved only at trial. For example, the court determined that "there exists a genuine issue of material fact regarding whether Defendant VandenBerg had 'probable cause to believe a traffic violation [had] occurred or was occurring' such that the initial traffic stop was permitted." The district

judge also noted that "there are sufficient facts which raise a question as to whether Defendant VandenBerg had probable cause to arrest or prosecute Plaintiff *after* the search of her vehicle." Finally, the court believed that "[t]here also exist genuine issues of material fact as to whether Defendant VandenBerg maliciously prosecuted Plaintiff" by failing to reveal all pertinent facts to the prosecuting attorney.

Given the unresolved factual disputes in the record, we conclude that the appeal is controlled by *Johnson v. Jones*, 515 U.S. 304, 312 (1995), in which the Supreme Court held that under the collateral order doctrine, a district court's denial of a claim of qualified immunity is reviewable on interlocutory appeal only where the defendant is willing to concede the facts alleged by the plaintiff and restrict the issue to one of law. Given the factually unresolved issues underlying the conspiracy claim at the heart of the plaintiff's section 1983 claim, we lack jurisdiction to consider the question of qualified immunity at this point in the litigation. We therefore DISMISS the appeal and REMAND the case to the district court for further proceedings.